NICHOLAS MARCHI
Carney & Marchi, P.S.
7502 West Deschutes Place
Kennewick WA 99336
(509) 545-1055
Attorneys for Defendant
BRADLY EDWARD ROBLEY THOMAS

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLY EDWARD ROBLEY THOMAS,<br><br>Defendant | Case No.4:22-CR-06055-MKD-2<br><br>MOTION FOR REVIEW AND REVOKATION OF DETENTION ORDER AND ATTACHED MEMORANDUM OF LAW<br><br>Note:  January 4, 2024 at 3:30 pm<br>Judge Dimke at Richland |

## **MOTION**

COMES NOW the defendant, BRADLEY EDWARD ROBLEY THOMAS, by and through his attorneys, CARNEY & MARCHI, and requests this Court review and revoke the order denying his motion to reopen detention hearing and request for release to a treatment facility. On December 7, 2023, the Magistrate Judge denied the Motion to Reopen Detention Hearing and Modify Detention Order to allow the defendant to attend an inpatient treatment facility for treatment of substance abuse. The Magistrate Judge found that the defendant had not overcome a finding of danger to society and risk of nonappearance. See Attached Order (ECF 113)

MOTION TO REVIEW
DETENTION ORDER  1

Mr. Thomas now seeks review of that decision pursuant to 18 U.S.C. §3145(b). This motion is based on the attached memorandum of law.

DATED this 20th day of December 2023.

                                        *s/Nicholas Marchi*
                                        Nicholas Marchi, WSBA 19982
                                        CARNEY & MARCHI

## MEMORANDUM OF LAW

### I.  Facts

Mr. Thomas is charged by Superseding Indictment with five counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C §841(a)(1)(b)(1)(B)(viii); Felon in Possession of Firearms in violation of 18 U.S.C. §922(g) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C 924(c).

On March 17, 2023, the Magistrate Judge granted the government's Motion for Detention. On November 20, 2023, Mr. Thomas filed a request to reopen his Detention Hearing as he was found to suffer from severe substance abuse and inpatient treatment was recommended. The government and United States Probation opposed the request and continue to oppose release. As noted, the request was denied on December 7, 2023.

### II. Argument

18 U.S.C. § 3145 authorizes the district court to review detention orders issued by federal magistrate judges. Although the standard of review is not set forth in §3145, the Ninth Circuit has held that a district court has the jurisdiction to review de novo a magistrate's detention order. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Bail Reform Act of 1984 requires the release of a person facing trial under the least restrictive conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(c)(1) (1994); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Regarding the statutory requirements, the Ninth Circuit has stated: "The Fifth and Eighth Amendments' prohibitions of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985).

The defendant is requesting that this Court set conditions of release which will allow him to take advantage of inpatient treatment at ABHS a secured treatment facility. Mr. Thomas does not pose a danger to the community nor is he a flight risk.

The government must show that the defendant is a danger to the community or that he poses a flight risk. 18 U.S.C § 3142(e)-(g) The court considers these options based on a number of factors including the background of the defendant, his criminal history, the nature of the charges and the least important factor the weight of the evidence. *United States v. Motamedi,* 767 F.2d 1403 (9th Cir. 1986)  The government must show that there are no conditions of release that alleviate the risks as noted in the statute. *United States v. Windsor,* 785 F.755 (9th Cir. 1986)

The seriousness of the charges against the defendant and the weight of the evidence against him, when used to sustain a detention order, are the least important of the factors the court must consider under §3142(g), and do not warrant pretrial detention on their own because that would result in a de facto predetermination of the defendant's guilt.  *Motamedi,* 767 F.2d at 1408.

The government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985); *see also United States v. Arena*, 894 F. Supp. 580, 585-86 (N.D.N.Y. 1995).

In this case, the court heavily relied on the fact that the defendant was arrested in his vehicle as he had passed out. The court further relied on the fact that at the time of his arrest a weapon was found.

Mr. Thomas maintains that he is not a flight risk and does not pose a threat to the community based on his submissions to the court. He disagrees with the Magistrate's finding that he has not overcome the presumption of a danger to the community and a flight risk. Mr. Thomas

has extensive ties to the community. While he does have criminal history, he would maintain that it is not a violent criminal history. He maintains that he would benefit from treatment.

### III. Conclusion

Based on the record herein, it is respectfully requested that the Court revoke the Detention Order and set conditions of release to allow him to participate in inpatient treatment.

DATED this 20th day of December 2023.

Respectfully Submitted,

S/ *Nicholas Marchi*
Nicholas Marchi, WSBA 19982
CARNEY & MARCHI
Attorneys for Defendant

## CERTIFICATE OFSERVICE

I certify that a copy of the Motion to Continue Hearing Date was e-mailed via ECF /mailed first class, postage prepaid on 12/21/2023, to T. Ohms, 402 E. Yakima, Ave., Suite 210, Yakima, WA  98901 or P.O. Box 1494 Spokane, WA  99210.

*S/ Nicholas Marchi*
CARNEY & MARCHI, P.S.
Attorneys for Defendant